1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHIRLY A. PEACEMAKER, et al.,              No.  2:20-cv-00118-TLN-CKD PS

12                    Plaintiffs,

13        v.                                     ORDER

14   SARA ALEGRIA,

15                    Defendants.

16

17        Plaintiffs are proceeding in this action pro se.  Plaintiffs have requested authority pursuant

18   to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by

19   Local Rule 302(c)(21).

20        Plaintiffs have submitted the affidavits required by § 1915(a) showing that plaintiffs are

21   unable to prepay fees and costs or give security for them.  Accordingly, plaintiffs' requests to

22   proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

23        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

24   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

25   or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26   § 1915(e)(2).

27        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiffs claim this suit arises under federal question jurisdiction. The allegations in the complaint are insufficient to identify any conceivable federal claim. Although plaintiffs list a number of federal statutes as grounds for federal question jurisdiction, see ECF No. 1 at 5, this does not establish the federal claim or claims plaintiffs are attempting to raise in their complaint.

The court finds the allegations in plaintiffs' complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiffs must allege with at least some degree of particularity overt acts that defendant engaged in that support plaintiffs' claim. Id. Because plaintiffs have failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended

complaint.

If plaintiffs choose to amend the complaint, plaintiffs must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiffs must demonstrate how the conduct complained of has resulted in a deprivation of *each* of the named plaintiffs' federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make plaintiffs' amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiffs file an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiffs' requests to proceed in forma pauperis (ECF Nos. 2, 3, and 4) are granted;

2. Plaintiffs' complaint (ECF No. 1) is dismissed; and

3. Plaintiffs are granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint;" plaintiffs must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: February 4, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 peacemaker118.ifp-lta