UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLY A. PEACEMAKER, et al., | No. 2:20-CV-00118-TLN-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| SARA ALEGRIA, | |
| Defendant. | |

Plaintiffs are pro se and proceeding in this action in forma pauperis under 28 U.S.C. § 1915.  This action was referred to this court by Local Rule 302(c)(21).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

/////

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

On February 4, 2020, this court dismissed plaintiffs' original complaint because it did "not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2)." ECF No. 5 at 2. The court found that plaintiffs' allegations were "so vague and conclusory that it [was] unable to determine whether the current action [was] frivolous or fail[ed] to state a claim for relief." Id. The court granted plaintiffs leave to file an amended complaint, but ordered that any amended complaint must: (1) "state the elements of [plaintiffs'] claim plainly and succinctly;" (2) "allege with at least some degree of particularity the overt acts that defendant engaged in that support plaintiffs' claim;" (3) "set forth the jurisdictional grounds upon which the court's jurisdiction depends;" and (4) "demonstrate how the conduct complained of has resulted in a deprivation of *each* of the named plaintiffs' federal rights." Id. (emphasis original).

Plaintiffs filed an amended complaint (FAC), but the court finds that it fails to cure the deficiencies previously addressed. Aside from including sixteen new exhibits—which include mobile home rental agreements, an article on FDA-approved treatments for head lice, and copies of the Eleventh and Thirteenth Amendments to the United States Constitution—the FAC is hardly changed from the original complaint. Plaintiffs' substantive allegations remain so vague and conclusory that the court cannot identify the federal claim or claims asserted. Similarly, the court

1  cannot determine whether plaintiffs' claim or claims are frivolous or facially plausible.
2  Accordingly, the FAC must be dismissed.  Because plaintiffs are pro se, however, the court will
3  grant them an additional opportunity to amend their complaint.

4      If plaintiffs choose to file a second amended complaint, they must clearly identify the
5  federal claim or claims they are attempting to assert, including the elements of each claim.
6  Merely listing federal statutes and regulations—as plaintiffs have done in their prior complaints—
7  is insufficient.  Additionally, if plaintiffs file an amended complaint, they must allege factual
8  content that allows the court to draw a reasonable inference that defendant is liable to *each*
9  plaintiff for *each* claim asserted.  This does not necessarily require detailed factual allegations,
10 but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."
11 Iqbal, 556 U.S. at 678.

12     Plaintiffs are advised that the court cannot refer to a prior complaint in order to make
13 plaintiffs' amended complaint complete.  Local Rule 220 requires that an amended complaint be
14 complete in itself without reference to any prior pleading.  This is because, as a general rule, an
15 amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th
16 Cir. 1967).  Once plaintiffs file an amended complaint, the previous pleading no longer serves
17 any function in the case.  Therefore, in an amended complaint, as in an original complaint, each
18 claim and the involvement of each defendant must be sufficiently alleged.

19     In accordance with the above, IT IS HEREBY ORDERED that plaintiffs' first amended
20 complaint (ECF No. 6) is dismissed without prejudice.  Plaintiffs are granted thirty days from the
21 date of service of this order to file an amended complaint that complies with the requirements of
22 the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint
23 must bear the docket number assigned this case and must be labeled "Second Amended
24 Complaint."  Failure to file an amended complaint in accordance with this order will result in a
25 recommendation that this action be dismissed.

26 Dated:  July 10, 2020

27                                                   _____
                                                     CAROLYN K. DELANEY
28 17.00118.fac                                      UNITED STATES MAGISTRATE JUDGE